## IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| SONJA J. DUNLAP | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) LAW No. LACV073892 |
| | ) |
| TERRY LOCKRIDGE and DUNN, INC.,<br>TERRY LOCKRIDGE & DUNN, INC.,<br>TER LOCK DUN, LTD, | )<br>)<br>) |
| | ) |
| Defendant. | ) |

### PETITION AT LAW AND JURY DEMAND

**COMES NOW**, the Plaintiff Sonja J. Dunlap, and for her cause of action against the Defendant Terry, Lockridge and Dunn, Inc., Defendant Terry, Lockridge & Dunn, Inc. and Defendant Ter Lock Dun, Ltd. states:

#### PARTIES, JURISDICTION, AND VENUE

1. That Plaintiff Sonja J. Dunlap is, and at all material times hereto, was a resident of Linn County, Iowa.

2. That Defendant Terry, Lockridge and Dunn, Inc. is an Iowa Corporation, whose registered agent is Timothy F. Terry at 210 2nd Street SE, 6th Floor Dows Building, Cedar Rapids, IA 52407.

3. That Defendant Terry, Lockridge & Dunn, Inc. an inactive legal name for Ter, Lock Sun, Ltd, a foreign business entity whose registered agent is Timothy F. Terry.

4. Defendants will hereafter be collectively referred to as "TLD."

5. Venue in Linn County is appropriate because the alleged illegal employment practices occurred in this county.

6. Damages exceed the statutory limits for small claims court.

7. Plaintiff has exhausted all administrative remedies. A right to sue letter has been issued by the EEOC and the Iowa Civil Rights Commission, and this action has been brought within the ninety (90) day time limit set forth in said Notices.

## FACTUAL ALLEGATIONS

8. Plaintiff Sonja J. Dunlap was hired by TLD on or about January 15, 2007, and was an employee of TLD until on or about August 5, 2010.

9. Plaintiff has severe arthritis, which substantially limits her ability to lift, bend, pull and perform manual tasks.

10. Despite her medical condition, however, throughout her employment with TLD, the quality of Plaintiff's work met or exceeded the reasonable expectations of her employer.

11. On or about June 30, 2010, Plaintiff was called into a meeting with the CFO and the President of TLD.

12. The CFO informed Plaintiff that as a condition of continued employment, Plaintiff would be required to have a medical professional with her at all times.

13. Plaintiff did not need nor want such a medical professional, nor was Plaintiff going to hire such a professional.

14. Plaintiff was not given the choice of staying without a having medical professional being there with her at all times.

15. Plaintiff indicated that if her only choice was hire a medical professional or retire, she would have no option, but to retire. TLD said ok and sent out an e-mail stating that Plaintiff was going to retire.

16. Plaintiff would have preferred to have remained in her employment.

2

## COUNT I
## DISABILITY DISCRIMINATION

17. Due to Plaintiff's arthritis Plaintiff was disabled, had a record of being disabled, and/or was regarded as being disabled within the meaning of the American's with Disabilities Act and the Iowa Civil Rights Act in that Plaintiff was substantially limited, regarded as being substantially limited, or had a record of being substantially limited in engaging in one or more major life activities, included but not limited to lifting, pulling and bending and engaging in manual tasks.

18. Plaintiff was capable of performing the essential functions of her job with or without a reasonable accommodation as of the later part of June 2010. To the extent that she needed accommodation to do her job at that point, any such accommodation was reasonable.

19. Defendant TLD was aware of Plaintiff's arthritis, and Defendant failed to reasonably accommodate Plaintiff. In fact, mandating that she be required to have a medical professional with her at all times at her own expense was unreasonable.

20. Defendant's actions, as described above, which included, but were not limited to failing to reasonably accommodate Plaintiff, and ending her employment because Plaintiff was disabled were in violation of the Americans With Disabilities Act and Iowa Code § 216.

21. As a result of Defendant's unlawful employment practices, Plaintiff has suffered and will continue to suffer emotional distress and mental anguish, lost front and back pay and loss of enjoyment and of the ordinary pleasures of life.

22. Defendant TLD's actions were willful and wanton, and done in malice or in reckless disregard to the rights of Plaintiff, entitling her to exemplary or punitive damages.

## RELIEF

**WHEREFORE,** Plaintiff Sonja J. Dunlap prays that this Court order judgment against Defendant Terry, Lockridge and Dunn, Inc., Defendant Terry, Lockridge & Dunn, Inc. and/or Defendant Ter Lock Dun, Ltd. and award Plaintiff as follows: 1) back pay for the job position which was foreclosed to her due to the Defendant's illegal actions, 2) front pay, 3) prejudgment interest, 4) damages for all employment benefits she would have received but for the discriminatory practices by the Defendants, 5) an award of compensatory damages including emotional distress, 6) punitive damages, 7) reasonable attorneys' fees costs and expenses incurred in pursuing this action, including expert witness fees, 8) and any other relief this Court deems just, equitable or in the public interest.

## JURY DEMAND

**COMES NOW** Plaintiff Sonja J. Dunlap, by and through her attorneys, Eells & Tronvold Law Offices, P.L.C., and requests a trial by jury.

**EELLS & TRONVOLD LAW OFFICES P.L.C.**
1921 51st Street NE
Cedar Rapids, IA 52404
Phone #: (319) 393-1020
Fax #: (319) 393-4000
E-mail: Matt@eells-tronvold.com

By: _____
Matt J. Reilly   AT0006541

**ATTORNEYS FOR PLAINTIFF**

4

Case 1:11-cv-00117-LRR   Document 1-2   Filed 11/03/11   Page 4 of 4